IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY W. KYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:15-cv-03193-MDH |
| | ) |
| CELADON TRUCKING SERVICES, INC. | ) |
| and DWIGHT JONES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Doc. 13). Defendants argue Plaintiff's claims related to negligent hiring, training, supervision, and entrustment cannot be maintained because Defendant Celadon Trucking Services, Inc. has admitted imputed liability under *respondeat superior*. The Court, after careful consideration of the issues raised and legal arguments provided by the parties, hereby **DENIES** Defendants' motion.

## BACKGROUND

This lawsuit arises from an accident that allegedly occurred when Defendant Jones, a truck driver employed by Defendant Celadon Trucking Services ("Celadon"), failed to slow, stop, or take other evasive action and thereby caused the Celadon tractor-trailer he was driving to strike into the back of Plaintiff's vehicle and resulting in severe, permanent, and progressive personal injuries to Plaintiff. Plaintiff asserts four claims against Defendants: (I) general negligence against Defendant Jones and Defendant Celadon arising from the negligent acts/omissions of Defendant Jones; (II) negligence per se against Defendant Jones and Defendant Celadon arising from Defendant Jones' violations of statutory and regulatory authority; (III)

1

negligent hiring, training, supervision, and entrustment against Defendant Celadon; and (IV) negligence per se against Defendant Celadon arising from Defendant Celadon's violations of statutory and regulatory authority.

Defendants move to dismiss Counts III and IV of the Complaint on grounds that "because Celadon has admitted respondeat superior liability for Jones' negligence (if any), Plaintiff's claims based on other theories of imputed liability set forth in Counts III and IV must be dismissed." Defendants cite to *McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995) for the proposition that "[o]nce an employer has admitted respondeat superior liability for a driver's alleged negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." Plaintiff argues in response that: (1) pleading alternative theories is permitted under Federal Rule of Civil Procedure 8(e)[1] and Plaintiff is entitled to discovery regarding those alternative theories; (2) punitive damages are an express exception to the rule cited in *McHaffie* and Plaintiff has properly pled punitive damages based on Defendant Celadon's independent conduct; and (3) Plaintiff's negligent hiring, retention, supervision, and entrustment claims are independent from his claims that Defendant Celadon is liable for Defendant Jones' actions under *respondeat superior*. Defendants argue Plaintiff's arguments are contrary to *McHaffie* and relevant case law and that the *McHaffie* punitive damages exception does not apply here because "Plaintiff has failed to allege any facts independent of driver Jones' negligence, and has failed to allege any facts which properly plead punitive damages[.]"

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[1] The Court believes Plaintiff intended to cite to Federal Rule of Civil Procedure 8(d), which concerns alternative statements and inconsistent claims in pleading, rather than Federal Rule of Civil Procedure 8(e), which states "[p]leadings must be construed so as to do justice."

2

*Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The court's assessment is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  To state a claim, the plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully.  *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court accepts the complaint's factual allegations as true but is not required to accept mere legal conclusions.  *Ashcroft*, 556 U.S. at 678.  The complaint is read as a whole rather than analyzing each allegation in isolation.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

In *McHaffie v. Bunch*, the Supreme Court of Missouri held the trial court erred by separately submitting and admitting evidence on plaintiff's negligent entrustment and negligent hiring theories of liability because defendant trucking company had admitted *respondeat superior* liability for its driver's negligence.  891 S.W.2d 822 (Mo. 1995).  The Court cited with approval the majority view that "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *Id.* at 826.  The Court explained:

> The reason given for holding that it is improper for a plaintiff to proceed against an owner of a vehicle on the independent theory of imputed negligence where *respondeat superior* is admitted has to do with the nature of the claim. Vicarious liability or imputed negligence has been recognized under varying theories, including agency, negligent entrustment of a chattel to an incompetent, conspiracy, the family purpose doctrine, joint enterprise, and ownership liability statutes. If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the

3

> case. Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee. This is true regardless of the "percentage of fault" as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.
>
> Having said that, it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee. In addition, it is also possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee. Finally, it is conceivable that in a contribution action between an employer and employee, the relative fault of those two parties may be relevant. However, none of those circumstances exist here. Those issues await another day.

*Id.* (internal citations omitted).

Federal courts have disagreed as to whether the reasoning of *McHaffie* applies to motions to dismiss for failure to state a claim. *See generally Kwiatkowski v. Teton Transp., Inc.*, No. 11-1302-CV-W-ODS, 2012 WL 1413154, at *2 (W.D. Mo. Apr. 23, 2012).[2] Federal courts have also disagreed as to whether, as suggested by *McHaffie*, a punitive damages exception exists to the general rule; for example, some courts have refused to apply such an exception noting that *McHaffie* left the issue for another day and finding no other Missouri case explicitly recognized or applied such an exception. *See, e.g., id.* at *3-4; *Jackson v. Myhre*, No. 1:06CV188 CDP, 2007 WL 2302527, at *2 (E.D. Mo. Aug. 7, 2007); *Connelly v. H.O. Wolding, Inc.*, No. 06-5129 CV SWFJG, 2007 WL 679885, at *2 (W.D. Mo. Mar. 1, 2007).

In 2013, the Missouri Court of Appeals for the Western District expressly held that a punitive damages exception to *McHaffie* exists. *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 392-93 (Mo. Ct. App. 2013). The Court in *Wilson* reasoned that:

---

[2] Here, because the Court finds the punitive damages exception applies, the Court need not address whether a 12(b)(6) motion is the appropriate means to challenge Plaintiff's claims in light of *McHaffie*.

4

> The rationale for the Court's holding in *McHaffie* was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability was necessarily fixed by the negligence of the employee. *McHaffie*, 891 S.W.2d at 826. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants. *Id.*
>
> The same cannot be said, however, when a claim for punitive damages based upon the direct liability theories is raised. If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the *McHaffie* scenario, this evidence would have a relevant, non-prejudicial purpose. And because the primary concern in *McHaffie* was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer, thus making the additional evidence both relevant and material.

*Id.* The *Wilson* court went on to hold that, in order to invoke the punitive damages exception, the plaintiff must plead sufficient facts to support a claim for punitive damages – i.e. factual allegations indicating the defendant willfully, wantonly, or maliciously injured the plaintiff by its tortious act. *Id.* at 393-94. The Court explained that "[j]ust as it is dangerous to have a hard and fast rule that all direct negligence claims should be dismissed in the face of an admission of vicarious liability, it is equally dangerous to adhere to an inflexible rule that when a plaintiff asserts a claim for punitive damages, the direct negligence claims must necessarily survive summary dismissal." *Id.*

Since *Wilson*, federal courts have denied motions to dismiss based upon *McHaffie* where the plaintiff is found to specifically plead punitive damages based on a direct liability theory. *See, e.g., King v. Taylor Exp., Inc.*, No. 4:13CV1217 TCM, 2013 WL 5567721 (E.D. Mo. Oct. 9, 2013) (finding plaintiff's allegations were sufficient to survive 12(b)(6) challenge under *McHaffie* where plaintiff alleged trucking company was liable for negligent hiring, retaining,

supervising, and training and for negligently maintaining vehicle and where plaintiff alleged trucking company was liable for punitive damages because "the negligence and carelessness of [the trucking company] . . . shows a complete indifference to or a conscious disregard for the safety of others"); *Harris v. Decker Truck Line, Inc.*, No. 4:12 CV 1598 DDN, 2013 WL 1769095 (E.D. Mo. Apr. 24, 2013) (finding plaintiff could avoid dismissal under *McHaffie* where the complaint alleged defendant trucking company violated multiple motor carrier regulations and industry standards and was directly liable for punitive damages based on negligence hiring, training, retention, and supervision theory, noting that "Missouri courts allow evidence of failures to follow motor carrier regulations and industry standards to support awards of punitive damages against commercial motor carriers").

In this case, Plaintiff alleges Defendant Celadon is *vicariously* liable to Plaintiff for the negligent acts/omissions of Defendant Jones (Counts I and II) and is *directly* liable to Plaintiff for negligent hiring, training, supervision, and entrustment (Counts III and IV).[3] Plaintiff's direct claims arise from Defendant Celadon's alleged duty under "Part 390 *et seq.* of the Federal Motor Carriers Safety Regulations" to appropriately supervise Defendant Jones and to investigate and monitor Jones' ability, fitness, and qualifications. Plaintiff alleges Defendant Celadon breached its duty under the federal motor carrier safety regulations in several ways[4] and "the conduct of Celadon showed complete indifference to or conscious disregard for the safety of

---

[3] The Court notes that, although the negligent hiring, training, supervision, and entrustment claims are "direct" actions against Defendant Celadon, they constitute claims of derivative or dependent liability ("imputed liability") based on the conduct of Jones; i.e. one element of imposing liability on Celadon is a finding of some level of culpability by Jones in causing the injury to Plaintiff. *See McHaffie v. Bunch*, 891 S.W.2d 822, 825-26 (Mo. 1995).

[4] The specific breaches are contained in Complaint ¶¶ 35(a)-(g), 40(a)-(g). In sum, Plaintiff alleges Defendant Celadon failed to ensure Jones had the requisite ability, fitness, and qualifications to operate a commercial vehicle; failed to provide adequate and sufficient training such that Jones could obtain the requisite ability, fitness, and qualifications to operate a commercial vehicle and possess sufficient knowledge of Federal Motor Carrier Safety Regulations; failed to monitor the activities of Jones to become aware of his failure to comply with Federal Motor Carrier Safety Regulations; and improperly entrusted Jones to operate its vehicle for the foregoing reasons.

6

others, including Plaintiff[.]" The Court finds, based upon the allegations in Plaintiff's Complaint, the analogous case law cited supra, and the fact that evidence of failure to follow motor carrier regulations can support an award of punitive damages, Plaintiff has alleged sufficient facts to support a claim for punitive damages against Defendant Celadon on Counts III and IV. *See King*, 2013 WL 5567721; *Harris*, 2013 WL 1769095.

Because Defendant Celadon may be liable for punitive damages that would not be assessed against Defendant Jones and that would require the presentation of evidence above and beyond demonstrating Defendant Jones' negligence, Defendant Celadon's admission of vicarious liability on Counts I and II does not necessarily require dismissal of Counts III and IV under *McHaffie*. *See Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 392-93 (Mo. Ct. App. 2013).

## DECISION

Based on the foregoing analysis, Defendants' Motion to Dismiss (Doc. 13) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: October 19, 2015

>  */s/ Douglas Harpool*
> **DOUGLAS HARPOOL**
> **UNITED STATES DISTRICT JUDGE**