IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY W. KYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-3193-CV-S-DPR |
| | ) | |
| CELADON TRUCKING | ) | |
| SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiff's *Daubert* Motion to Exclude Charles E. Bain, *Daubert* Motion to Exclude Andrew J. Sievers, and *Daubert* Motion to Exclude Portions of Dr. Luke Knox's Opinions (Docs. 131, 132 and 133.) Also before the Court is Defendants' *Daubert* Motion to Exclude Dr. Robert W. Gaines. (Doc. 140.) The Court decides the Motions as follows:

### I. Plaintiff's *Daubert* Motion to Exclude Charles E. Bain

Pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993), Plaintiff moves to exclude the opinion testimony of Defendants' expert witness Dr. Charles E. Bain.

Dr. Bain is a medically and engineering educated consultant retained by Defendants to provide an injury causation analysis ("ICA") opinion in this matter. Plaintiff argues that Dr. Bain is not qualified to testify as an expert in biomechanics or spinal injuries. Plaintiff also asserts that Dr. Bain's opinions are based on speculation and unreliable statistics. Lastly, Plaintiff claims that Dr. Bain has a substantial history of his testimony being excluded by courts for one or both of the prior reasons.

As set forth in Defendants' Response, however, the Court agrees that Dr. Bain is qualified to testify both as a medical expert on the subject of spinal injuries, and as an expert in the field of biomechanics. (Doc. 196 at 6-12.) Furthermore, the Court disagrees with Plaintiff's contention that Dr. Bain has no reliable basis for his opinions. As asserted by Defendants, Dr. Bain based his ICA opinion on sufficient facts or data, ICA is a reliable method, and Dr. Bain has reliably applied ICA to the facts of this case. *Id*. at 12-17. The fact that other courts have excluded or limited Dr. Bain's testimony does not alter the above conclusions.[1]

Accordingly, Plaintiff's *Daubert* Motion to Exclude Charles E. Bain will be denied.

## II. Plaintiff's *Daubert* Motion to Exclude Andrew J. Sievers

Pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert*, Plaintiff moves to exclude Defendants' expert witness Andrew J. Sievers from offering any opinion related to sleep apnea in this case.

Mr. Sievers is a trucking safety consultant retained by Defendants to testify as an expert on their behalf. Mr. Sievers has prepared a report, in which he offers the following opinions: (1) Defendant Dwight Jones' sleep apnea was diagnosed and treated; (2) Defendant Celadon Trucking Services, Inc. ("Celadon") was aware of and appropriately monitored Jones' sleep apnea; and (3) there is no evidence that sleep apnea played any causative role in the collision at issue. Plaintiff challenges these opinions, arguing that Mr. Sievers is not an expert in sleep apnea or in the treatment of sleep apnea, and that he has no reliable basis for his opinion that Jones' sleep apnea was effectively treated.

However, as asserted by Defendants in their Response, the testimony at issue is neither scientific nor technical knowledge, but rather is "other specialized knowledge" under F.R.E. 702

---

[1] Plaintiff cites to *Johnny v. Bornowsky*, No. 10–04008–CV–W–FJG, 2011 WL 3794082 (W.D. Mo. Aug. 24, 2010) as an example of a case in which Dr. Bain was excluded. However, Dr. Bain's testimony was excluded in *Johnny* because his designation was untimely, not because he was unqualified or his testimony was unreliable.

regarding the Federal Motor Carriers Safety Regulations ("FMCSRs") and standards within the trucking industry, subjects on which Mr. Sievers is certainly qualified to offer opinions. (Doc. 197 at 8-9.) His opinions that Jones' sleep apnea was diagnosed and treated and that Celadon was aware of and appropriately monitored Jones' sleep apnea are made from the perspective of a motor carrier, and not as a medical expert. Furthermore, as in Defendants' Response, the Court concurs that Mr. Sievers is qualified to offer, and has a reliable basis for, the opinion that there is no evidence that sleep apnea played any causative role in the collision. *Id*. at 13-14.

For these reasons, and for the additional reasons presented by Defendants in their Response, Plaintiff's *Daubert* Motion to Exclude Andrew J. Sievers will be denied.

### III.    Plaintiff's *Daubert* Motion to Exclude Portions of Dr. Luke Knox's Opinions

Pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert*, Plaintiff moves to exclude portions of the opinion testimony of Defendants' expert witness Dr. Luke Knox. Specifically, Plaintiff seeks to exclude Dr. Knox's opinions: (1) regarding the severity of the crash; and (2) that Plaintiff is malingering and exaggerating symptoms in the description of his pain and injuries.

Dr. Knox is a medical doctor engaged in the practice of spine surgery, who has been retained by Defendants to review and evaluate the medical records of Plaintiff and provide orthopedic and neurological opinions in this action. First, as for his opinion that "(t)he accident was by no means a severe incident," the Court agrees that Dr. Knox does not appear qualified under Rule 702 to render such an opinion, which will be excluded. (Doc. 133 at 5.)

Regarding Dr. Knox's opinion that Plaintiff is malingering and exaggerating, Dr. Knox states that he tested and observed four of five Waddell's signs during his examination of Plaintiff. (Doc. 198-1.) "Waddell's signs are a group of physical signs [] in patients with low

back pain. They are thought to be indicators of a non-organic or psychological component to pain. Historically they have been used to detect 'malingering' patients with back pain." *McMurray v. Astrue*, No. 08–5044–CV–SW–REL–SSA, 2009 WL 3052204 at *7 n.4 (W.D. Mo. Sept. 20, 2009). He compared these test results with Plaintiff's prior medical records and determined that Plaintiff showed "malingering and symptom magnification propensity." *Id*.

Plaintiff asserts this is an inappropriate attack on Plaintiff's credibility, as "[w]eighing evidence and determining credibility are tasks exclusive to the jury, and an expert should not offer an opinion about the truthfulness of witness testimony." *Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998); *see also Hale County A & M Transp., LLC v. City of Kansas City, Mo.*, F.Supp.2d 838, 845 (W.D. Mo. 2014) ("an expert is not allowed to impugn or bolster the credibility of fact witnesses under the guise of rendering his expert opinion.")

In accordance with the Eighth Circuit's guidance in *Nichols*, the Court agrees that an opinion of this type "create[s] a serious danger of confusing or misleading the jury, see Fed. R. Evid. 403, causing it to substitute the expert's credibility assessment for its own common sense determination." *Nichols*, 154 F.3d at 883. Therefore, Dr. Knox's opinion that Plaintiff is a "malingerer," a "symptom magnifier," or any other negative term attacking his credibility, will be excluded. This ruling does not, however, preclude Dr. Knox from providing factual testimony recounting observations he made about Plaintiff's physical movements or responses to testing during an examination. *See Rodriguez v. Wal-Mart Stores, Inc.*, 159 A.3d 914, 915 (N.J. Super. Ct. App. Div. 2017). Nor does this preclude Dr. Knox from testifying that Plaintiff's subjective complaints appear to be inconsistent with objective medical test results or findings. *Id*. at 926.

Based on the foregoing, Plaintiff's *Daubert* Motion to Exclude Portions of Dr. Luke Knox's Opinions will be granted, and Dr. Knox may not testify as to the severity of the collision

or that Plaintiff is a malingerer, a symptom magnifier, or any other negative term attacking his credibility.

### IV. Defendants' *Daubert* Motion to Exclude Dr. Robert W. Gaines

Pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert*, Defendants move to exclude portions of the opinion testimony of Plaintiff's expert witness Dr. Robert W. Gaines. Specifically, Defendants seek to exclude Dr. Gaines' opinions that: (1) the collision was a "severe truck accident"; and (2) Plaintiff's symptoms have eliminated his ability to drive over-the-road trucks.

Dr. Gaines is a medical doctor retained by Plaintiff to evaluate his injuries and give medical opinions and diagnoses in this case. First, regarding his statement that the collision at issue in this case was a "severe truck accident," Dr. Gaines, like Dr. Knox above, does not appear qualified under Rule 702 to render such an opinion, which will be excluded.

As for Dr. Gaines' opinion that Plaintiff's symptoms have eliminated his ability to drive over-the-road trucks, Defendants argue said opinion is purely subjective, based primarily on what Plaintiff told him. They further argue that said opinion contradicts the Functional Capacity Evaluation performed on Plaintiff, assessing his ability to perform the activities required to drive a truck. However, the Court disagrees, concluding that Dr. Gaines is qualified to testify regarding the impact of Plaintiff's symptoms on his ability to work. Also, his opinions as to Plaintiff's physical capabilities are based on his review of Plaintiff's medical records and his own examination of Plaintiff. Any issues Defendants have raised go to the weight of Dr. Gaines' opinion, not its admissibility.

Therefore, Defendants' *Daubert* Motion to Exclude Dr. Robert W. Gaines will be granted in part and denied in part.

## V. Conclusion

For the aforementioned reasons, it is ORDERED that:

1. Plaintiff's *Daubert* Motion to Exclude Charles E. Bain (Doc. 131) is **DENIED**;

2. Plaintiff's *Daubert* Motion to Exclude Andrew J. Sievers (Doc. 132) is **DENIED**;

3. Plaintiff's *Daubert* Motion to Exclude Portions of Dr. Luke Knox's Opinions (Doc. 133) is **GRANTED**; and

4. Defendants' *Daubert* Motion to Exclude Dr. Robert W. Gaines (Doc. 140) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's expert witness Dr. Robert W. Gaines is precluded from testifying as to the severity of the collision at issue in this case.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: September 28, 2017